**Paola Fidelia GUTIERREZ–GONZALES, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74315.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 17, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Areg Kazaryan, Law Office of Areg Kazaryan, Los Angeles, CA, for Petitioner.

Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David B. Edwards, U.S. Dept. of Justice, Civil Div. c/o FDIC, Dallas, TX, for Respondent.

Before: HUG, O'SCANNLAIN and SILVERMAN, Circuit Judges.

### MEMORANDUM**

Paola Fidelia Gutierrez–Gonzales, a native and citizen of Peru, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming an immigration judge's ("IJ") order denying her applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *see Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000), we deny the petition for review.

Substantial evidence supports the agency's determination that any mistreatment Gutierrez–Gonzales suffered was not on account of a protected ground. Gutierrez–Gonzales testified that after witnessing a bank robbery in 1990, she received threatening letters and phone calls from unidentified individuals and that two unidentified men tried to kidnap her in 1991. However, neither the threats nor the kidnappers ever mentioned Gutierrez–Gonzales' political activities. Thus, the record does not compel the conclusion that Gutierrez–Gonzales demonstrated a nexus between the claimed persecution and a protected ground. *See Tecun–Florian v. INS*, 207 F.3d 1107, 1109–10 (9th Cir. 2000).

Because Gutierrez–Gonzales failed to prove eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.